

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,056-01

### EX PARTE BRADLEY MICHAEL WHEELER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 17586A IN THE 12TH DISTRICT COURT FROM GRIMES COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to deliver a controlled substance and sentenced to imprisonment. He was later released to parole.

While on parole, Applicant alleges that he was arrested in Bexar County for driving while intoxicated, and he bonded out of the county jail. A parole revocation (a/k/a "blue") warrant was later executed, and Applicant was arrested and held in the Bexar County Jail on the blue warrant. According to Applicant, through habeas counsel, the new driving while intoxicated charges have

never been filed, and he is still being held in the county jail pursuant to the blue warrant but has not received a parole revocation hearing, although he has repeatedly requested one. *See* TEX. GOV'T CODE 508.282(a)(1)(A)-(B).

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. In this case, the trial court recommended that relief be denied, stating that Applicant should have filed his habeas application in Bexar County, where Applicant is being held pursuant to the blue warrant. However, pursuant to Article 11.07, section 3(b) of the Texas Code of Criminal Procedure, an application for writ of habeas corpus must be filed with the clerk of the court in which the conviction was obtained, and the clerk shall assign the application to that court. Applicant's conviction was obtained in the 12th District Court of Grimes County, and his application was properly filed in that county.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit addressing the issue of whether the Parole Board is timely providing Applicant with a parole revocation hearing. The trial court shall make findings of fact and conclusions of law as to Applicant's claims, and the trial court may make any other findings of fact and conclusions of law that it deems relevant.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.


Filed:  December 16, 2020
Do not publish